Yes, Your Honor. Randolph Lopez, Your Honor, for Eduardo Arias-Espinoza. Your Honor, in this particular case, it really started with a plea agreement. The plea agreement itself, for the factual basis, indicated that Mr. Arias was going to be pleading and accepted as part of the plea agreement that he had had a prior felony, Your Honor, not a drug trafficking felony, not an aggravated felony, simply a felony. That is in the exercise of record. It does state that it is for transport, sell or dispense of methamphetamine, but it is nonetheless indicated as solely a felony. That's where the problems began, because afterwards is when the precedence report is done, the initial or the first precedence report that is completed in this particular case indicated that it was not a drug trafficking offense. Hence, it ended up being, I believe, a 12 to 18-month recommended sentence. And afterwards, then, is when the government files notice of judicial noticeable documents, that is, being the transcript of a preliminary hearing that was done in the California prior case for the statute of 11379 and also the change of plea and sentencing that occurred on the same day. Your Honor, a couple of things that happens in the preliminary hearing. Although the preliminary hearing did extract facts from the officer, the way it occurred, it wasn't as if they had been following or investigating Mr. Arias Espinoza for any type of suspicion of being in sales or anything. In fact, there are no facts indicating that that was the facts indicating that he was selling. Mr. Lopez, maybe you can help me. I'm a little confused by your argument here. I thought that you had two items you were contending on appeal. One was that you didn't waive your right to appeal because of what the judge said. And secondly, that the judge erroneously gave a two-point increase in the criminal history. You're talking about things that they have anything to do with those two items? Well, Judge, I'm talking about the 16-level enhancement. Okay. So your statement has to do with the enhancement, right? Yes, Your Honor. As opposed to the ---- Counsel, if Judge Gould, if I could interject. For me, at least, it would be helpful if you dealt with the appeal waiver first. Because if we rule against you on that, then we don't get to the issue of the enhancement. And if we rule against you on that, then we don't get to the issue of the enhancement. And if we rule against you on that, then we don't get to the issue of the enhancement for drug trafficking. I agree, Your Honor. If the case is that this Court rules that my client had a waiver for appeal, then right. Everything else becomes moot. Your Honor, in this particular case, I was the trial attorney. I was the attorney from the inception in this particular case. When we were there at sentencing, and as I have done in many other cases before where plea agreements have been had and the appellant or the defendant is sentenced in accordance with the plea agreement, once the judge tells him that that has been done, then he tells him you have waived the appeal because I have sentenced you in accordance with the appeal. More often than not, the prosecutor, the assistant U.S. attorney at that period of time, will also remind the judge at that time, Your Honor, you are sentencing within the plea agreement. We want you to advise him that he has waived it on the record so that there's no further appeal. In this particular case, that was not done. The assistant U.S. attorney at that point of time. Does the law require that to be done? In this particular case, I believe so, Your Honor. Well, I mean, what case can you cite or what statute can you cite to substantiate your position? Give me a second, Your Honor. Okay. Your Honor, in our particular case, what I'm citing is the cases that I cited in my brief, my reply brief on page 11. Obviously, I did not raise that issue in my opening brief. It was raised by the government. Hence, I only raised it in the reply brief.  I'm not saying that it was a waiver of appeal without qualifications. Well, that goes to the issue of the judge saying may. But I'm not talking about that. I'm asking you, you made the statement that the judge did not state that he, you know, as the prosecution sometimes asks, that you don't have any right to appeal. And I'm saying, and in fact, I don't know of any requirement that the judge do that. It may be the protocol. It may be more frequently done than not. But I know of no requirement. So I ask you, is there any case law that says that the judge must do that? I'm not sure it's relevant here, but you're making a point of it. So I want to understand, are you just saying that because you think it's a good idea or you're saying that there is case law that requires the judge to do that? Well, I believe, Your Honor, if there is no right to appeal, that the judge should be able to do that.    I'm just saying that it's a good idea to inform the defendant that he has entered into an agreement. Well, that's what you're saying. I'm just saying, what's your authority for that? Well, Your Honor, the authority that I cited on page 11, it indicates whether or not there was a waiver by the government for that appeal. And the case that's cited therein on page 11 indicates that the judge should be able to do that. But which case are you talking about, Buchanan? Actually, Aguilar-Muñiz, Your Honor, applies a 1998 case that if you believe the waiver is unenforceable, you must present it to the appellate court. But that doesn't say, with respect, that doesn't say what you just indicated. Isn't your argument that the judge said that you may have a right to appeal and you think that vitiates the written plea agreement, isn't that your argument? That it is, Your Honor. Okay. And what authority do you have for that? It's not – Buchanan is distinguishable. May is equivocal. It's not an express statement by the judge. He just says you may. You've got a written document. Clearly, you said, he said, he understood it. He signed it. That's what we're wrestling with. That's the point that Judge Gould made earlier. If we don't have – if he doesn't have a right to appeal, the case is over. That's correct, Your Honor. I agree with that. So how do you distinguish what he signed on page 7 of the plea agreement, which is very clear, waives everything, every right to appeal? Well, Your Honor, he signed – when he signed the plea agreement, given the factual basis that we had for the plea agreement, it indicated that he was going to be pleading and that the felony that he was looking at was simply a felony, not a child trafficking felony. As I stated earlier, and it goes back to the original argument, but it ended up changing. Hence, the actual plea agreement that we entered into was not there, although the ranges were spoken with the defendant at the time of the change of plea. Was it false that he was pleading to a felony? No, he was pleading to a felony. So you're just saying it should have been more specific. Yes, I do, Your Honor. And whose fault is that? The government's, Your Honor. The government's fault? Yes, Your Honor. Interesting. The government is the one that prepared the plea agreement. The government is the one – You represented the client that signed it. I did, Your Honor. And did you explain to him what was involved in a felony, how broad it could be? Yes, I did, Your Honor. Okay. And why did you have him sign it then, given your interpretation of the document? Given the status of the documents that had presented, been presented at that time and, in fact, the first PSR bore it out that it was not a drug trafficking or an aggravated felony. In fact, they came out saying that it was not, hence the low recommendation. That's where we were at. But once we get to the sentencing phase, when Judge Kutenhauer indicates that he may have the right to appeal, the government did not contest that because we had vigorously been defending whether or not the 16th-level enhancement applied. And if that was the case, then the government should have spoken up and said something. They waived the appeal rights, or, in other words, waived that we could not appeal – in other words, that we could appeal it because he did have that – we will have that opportunity to attack whether or not it was a 16th-level enhancement that should apply in the particular case. You're not arguing that you didn't know it was methamphetamines. It was meth. No, I'm not arguing that, no. Okay. It wasn't that. And your client knew it also. Yes, Your Honor. All right. You have a minute left. Do you want to save that? Yes, I'll save it, Your Honor. Okay. Very good. We'll hear from the government. May it please the Court. I'm Bob Mistel from the U.S. Attorney's Office in Tucson, and because of the United because the defendant validly waived his right to appeal, and the Court's statement that he may have a right to appeal did not officiate the waiver. Is there any case law, Mr. Mitchell, or Mistel, rather, that expressly deals with this concept of the may? Well, the standard that this Court has set is that if the district court advises a defendant without qualification that he has a right to appeal and the government doesn't object, that that does officiate the waiver. This Court doesn't. That's the Buchanan and Progeny? Right. Correct. But in this case, by using the word may, the district court was qualifying. In other words, you may have a right to appeal. It's different from you have a right to appeal. And, in fact, under this Court's law, you may have a right to appeal is actually a correct statement, even in cases where there is a valid waiver. So for that reason, there was no necessity. And why is that, Counselor Tuchel? Why is that a correct statement if there is a valid waiver? Because this Court What are the circumstances where there would be an appeal? For example, this Court has held that even with a valid waiver, a defendant can challenge through Rule 11 a change of plea proceeding. This Court has said that it can appeal what we've been talking about, when he unequivocally advises the defendant of a right to appeal. When the sentence doesn't comport with the plea agreement, he has a right to appeal even with a waiver, excuse me. And then if the sentence violates the law, he has a right to appeal even with a waiver. So there are circumstances where even with a valid waiver, and those are cited in the Bibler case. So since the district court did not advise the defendant of his right to appeal without qualification, and there is no challenge to the validity of the waiver, the government position is this appeal should be dismissed. Let's assume for a moment, just for discussion purposes, that we get to the merits. They are objecting, of course, to the treatment of the California Health and Safety Code 11379 as a drug trafficking offense under the guidelines. Right. Do you have any response to that other than what you have in the brief? We've read the briefs. I mean, basically, it's what I have in the brief is what it is. Okay. The government's position, since the preliminary hearing from the California offense was stipulated as a factual basis for the plea, that establishes the facts of the prior conviction, and it establishes that if the defendant possessed it with intent to sell, which makes it a drug trafficking offense under the guidelines. Yeah. Okay. Unless the Court has any further questions. Any questions? I have no questions. I think we have none further then. Thank you. We have a minute for rebuttal. Mr. Lopez. Well, Your Honor, it certainly appears that this Court is looking at dismissal of the appeal based on what it believes to be the waiver by the plea agreement. But I still understand what the Court is saying, but I still submit that the fact and the matter and the way it occurred in this particular instance, it is something that greatly enhanced his sentence, and I think that's one of the things that the judge dared, the sentencing dared. The problem I'm struggling with, Mr. Lopez, if you look at this waiver, the defendant had the right of appeal, but then he had the right to appeal the imposition of sentence and any right to collaterally attack the conviction and sentence. So you were his lawyer. You knew what this said. I did. And yet you were doing the very thing that your client signed in writing, saying that he would not do. That is true, Your Honor. I followed, I advised my client after he had been sentenced, and he directed me to file the appeal, and hence that's why I filed the appeal. And that's why we're here. Okay. We're out of time here, but we thank you very much for your argument in both cases, and the case is argued as submitted.
judges: Duffy, Gould, Smith